No. 9062.

## Spann, Receiver, et al. *v.* The Eagle Machine Works.

Pleading.—*Sufficiency of Complaint.—Existing Cause of Action.—Arrest of Judgment.*—Where the plaintiff's complaint does not show an existing cause of action against the defendants, or either of them, at the time of the commencement of the suit, a motion in arrest of judgment ought to be sustained.

Lease.—*Determination of Rental Value.—Complaint.*—By the terms of a lease the rental value of the premises for the last five years of the term was to be determined by appraisers selected by the parties on a certain day of the year, " or *as soon thereafter as practicable.*" Prior to that time the interest of H., one of the lessors, had been sold on foreclosure of a mortgage, in which suit a receiver had been appointed to collect the rent, H. in the meantime having become the president of the company of the lessee of the premises. Suit by the lessee to have the rental value determined, the complaint averring that the lessee did not know who then held the sheriff's certificate—the year for redemption not having expired—nor who the real parties in interest were, and averring the inability of the parties to come to any binding agreement with reference to the rental value. It also showed a probability, amounting almost to a certainty, that within less than a month after the rent for the first quarter of the last term would become due, the title to H.'s interest would become absolute in some one.

*Held,* that the complaint showed that the time had not yet arrived for the determination of the rental value in the mode provided by the contract of the parties, because it showed that such mode was not then practicable, and that the complaint was therefore insufficient.

From the Superior Court of Marion County.

*B. Harrison, C. C. Hines, W. H. H. Miller, S. Claypool* and *W. A. Ketcham,* for appellants.

*A. C. Harris* and *W. H. Calkins,* for appellee.

Howk, J.—In this case the question for decision is this: Did the complaint of the appellee, the plaintiff below, state facts sufficient after verdict to constitute a cause of action, or to entitle it to the relief demanded and granted?

The complaint set out a written lease executed on the 2d day of October, 1865, by Lewis W. Hasselman and Almas E. Vinton, as lessors, and the appellee, as lessee, of certain de-

scribed premises in the city of Indianapolis. By the terms of this lease the premises were demised and leased unto the appellee, from the day of the date of the execution of the lease " up to and until the last day of March, in the year of our Lord one thousand eight hundred and eighty-five." As the controversy in this case relates exclusively to the rental value of the demised premises, and the manner, under the lease, in which such rental value is to be ascertained for the last five years of the term, we will set out, in the language of the lease, so much of its covenants and agreements as bears upon the matter in controversy, as follows:

"And the said party of the second part, for the considerations aforesaid, doth hereby covenant and agree to yield and pay to the said parties of the first part, their executors, administrators and assigns, for the term intervening between the date of these presents and the last day of March, A. D. 1870, the annual rent of seven thousand five hundred dollars, in equal quarterly instalments; and as to the residue of the term hereby granted, to wit, from the last day of March, A. D. 1870, to and until the last day of March, A. D. 1875, the rent shall be fixed and determined in the following manner, to wit: On the last day of March, A. D. 1870, or as soon thereafter as either party shall notify the other of his readiness, there shall be had a new appraisement of the rental value of said premises for a further term of five years, or from the last day of March, A. D. 1870, until the last day of March, A. D. 1875, which, when agreed upon or determined, shall be payable quarterly as before, and the amount of such annual rent shall be endorsed upon the lease and signed by the parties; and should said parties be unable to agree between themselves upon the amount of such annual rent, then each shall at once proceed to select a disinterested freeholder of said city, not of kin to the parties, to appraise the rental value of said premises for said term of five years, and shall notify the other party of such selection, and said two appraisers so selected shall proceed to appraise the rental value of said

premises for said term, and, having agreed upon the same, shall endorse their appraisement on this lease and sign their names thereto; and should said two appraisers be unable to agree upon such rental value, then they two shall select a third, such as themselves, and any two of the three may determine such rental value and endorse their appraisement on this lease as aforesaid; and the said appraisement, when so made as aforesaid, shall be taken and held to be binding between the parties, and the rent so determined shall be paid quarterly, as before provided; and on the last day of March, 1875, or as soon thereafter as practicable, the said parties shall proceed in like manner, as hereinbefore provided, to agree upon the annual rental value of said premises, for a further term of five years, or from said last day of March, A. D. 1875, to the last day of March, A. D. 1880, and, failing to agree upon such rental value, then appraisers shall be selected, in all respects as hereinbefore provided, who shall fix and determine such rental value, and endorse the same on this lease, in all respects according to the provisions herein made for the appraisement of the rent for the preceding five years; and on the last day of March, A. D. 1880, or as soon thereafter as practicable, the rental value of said premises shall be determined for the last five years of said term, or from the last day of March, A. D. 1880, to and until the last day of March, A. D. 1885, in all respects as hereinbefore provided for the preceding five years; and the said party of the second part covenants and agrees to pay to the parties of the first part, their executors, administrators and assigns, all of the annual rents hereinbefore agreed upon, and to be agreed upon, quarterly at the expiration of each three months of said tenancy, and without any relief from valuation or appraisement laws."

After setting out such lease and averring that it had been properly recorded in the recorder's office of Marion county, on the — day of ——, 1865, the appellee further alleged in its complaint, which was filed on the 19th day of April, 1880, that the rent had been fixed thereunto, from time to time, un-

til the present; that, after the execution of the lease, said lessor Vinton died testate on the — day of ——, 1871, owning his interest in the demised premises, and, by the terms of his will, his interest therein passed to his son, Lindley Vinton, who was then the owner thereof; that afterwards, on the — day of ——, 1876, said Hasselman mortgaged his interest in the leased premises to George P. Bissell, trustee, of Hartford, Conn., subject to said lease, to secure $50,000; that this mortgage had been foreclosed in the court below, and the mortgaged premises had been sold by the sheriff of the county, on the 26th day of July, 1879, and purchased by the mortgagee for $22,000; that appellee did not know who then held the sheriff's certificate of such sale, nor who were the real parties in interest therein; that in the foreclosure suit John S. Spann had been appointed receiver, and was collecting the rents; that Lewis W. Hasselman was then the appellee's president; that appellee was not advised as to whether the premises would or would not be redeemed; that appellee had at all times fulfilled each and every obligation resting upon it, under such lease, and then desired to have the rents fixed for the next five years; that, under the circumstances, there was no person authorized to appoint and bind the lessor by the selection of an appraiser; that the receiver could have no such authority, and Hasselman, being the appellee's president, could not, with propriety, act for both parties; that Bissell had no real interest in the premises, and his *cestuis que trust* were unknown and unrepresented; that an ineffectual effort had been made to select appraisers, Hasselman nominating one for the appellee, and Spann and Vinton nominating the other; that the persons nominated had been unable to come to any agreement, either as to the rental value, or upon any person as umpire; and that were such an agreement reached, under the circumstances, appellee said it would not bind the *cestuis que trust,* if their trustee should take a deed on the sheriff's certificate of sale.

The appellee, therefore, asked that Bissell be required to

disclose the names of his *cestuis que trust*, or the name of the holder of the certificate of sale, to the end that all the parties in interest might be made parties to this suit and brought before the court; and that the question of the rental value of the demised premises might be then tried and determined as an issue of fact; and, to that end, the appellee averred that the fair rental value of the premises per year was only $2,-500, and this sum the appellee then offered to pay, or such other sum as might be fixed by the verdict of a jury and the judgment of the court; and that if, at any time, it was deemed necessary, the appellee would pay into court such sum as might be required, ready to be paid under the order of the court. Wherefore the appellee prayed for all proper relief in the premises.

The appellants Spann and Bissell each answered by a general denial of the complaint. Hasselman answered, admitting the allegations of the complaint; and Vinton answered, admitting all the averments of the complaint except the averment in relation to the rental value of the premises, and he alleged such rental value to be $12,000.

The cause was tried by a jury, and a verdict was returned, in substance, as follows: " We, the jury, find the fair rental value of the property described in the complaint to be $4,000 per annum for five years from the 31st day of March, 1880." Over the appellants' motion in arrest of judgment, and their exception saved, the court at special term rendered judgment, fixing the rental value of the premises at the sum named in the verdict. On appeal, the court in general term affirmed the judgment at special term, and from the judgment of affirmance this appeal is prosecuted.

The sufficiency of the complaint was not questioned by a demurrer thereto, for the want of facts, but only, after verdict, by the motion in arrest of judgment. This motion was in writing, and assigned the following reasons for the arrest of judgment:

1. That appellee's complaint did not state facts sufficient to constitute a cause of action;

2. That appellee was not entitled to any relief against the appellants upon the facts alleged in the complaint, and found by the jury in their verdict; and,

3. That the appellee had not then, nor at the time of filing its complaint, or the return of the verdict, any cause of action as stated in the complaint and verdict against the appellants.

The overruling of this motion was assigned as error in the court below in general term, and, by a proper assignment of error here, it has been brought before this court.

We are of the opinion that the facts stated in appellee's complaint were not sufficient to show an existing cause of action in its favor and against the appellants, or to entitle it to the relief prayed for. It will be observed that by the terms of the lease the rental value of the demised premises, for the last five years of the term, was to be determined on the last day of March, 1880, " or *as soon thereafter as practicable.*" It seems to us that the condition of the title to Hasselman's interest in the leased premises, relied upon by appellee as the ground-work of its right to apply to a court and jury to fix such rental value, simply showed that the time had not arrived for the determination of such rental value in the mode provided for by the contract of the parties, because it showed that such mode was not then practicable. But the averments of the complaint also showed a probability, amounting almost to an absolute certainty, that within less than a month after the rent for the first quarter of the last five years of the term would become due, the title to Hasselman's interest in the premises would become absolute in some one, and that it would then be practicable to resort to the mode provided in the written lease for the determination of the rental value of such premises during the last five years of the term. The year for the redemption of Hasselman's interest from the sheriff's sale thereof, under the averments of the complaint,

would have expired on the 26th day of July, 1879, and, whether redeemed or not, the title to the interest would be freed from the uncertainties created by the sale thereof.

In our view of the case, the facts stated in the complaint are not such as would authorize an application even to a court of equity to protect or enforce the appellee's rights, under the written lease, much less would those facts authorize the court to substitute the verdict of a jury as the means of ascertaining the rental value of the demised premises, for the arbitrament and award provided for in the contract of the parties.

What we decide is, that the facts and circumstances relied upon by appellee, as furnishing its only reason or excuse for resorting to a court and jury for relief, simply showed that the time had not yet arrived, but would soon arrive, in which it would be practicable for the parties to fix and determine the fair rental value of the leased premises, in the manner stipulated in their written contract. This view of the case renders it unnecessary for us to consider and determine the question, so ably and elaborately discussed by counsel, in regard to appellee's right to submit the rental value of the premises to the verdict of a jury instead of to the award of arbitrators, in pursuance of the terms of the written lease.

On the application of Washington C. DePauw, and upon notice given, he is substituted as an appellant in the room and stead of George P. Bissell, trustee.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

ELLIOTT, J., did not participate in the decision of this cause.